UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KIMBERLY STARLING**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ONPROCESS TECHNOLOGY, INC.**,<br><br>*Defendant*. | Civil Case No.: _____<br><br>**COMPLAINT – CLASS ACTION** |

## INTRODUCTION

1. This action arises out of Defendant, OnProcess Technology, Inc.'s ("Defendant" or "OnProcess"), practice of making prerecorded calls to individuals without prior express consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff has done no business with OnProcess and has never provided OnProcess prior express consent to call her telephone with prerecorded messages.

3. Accordingly, Plaintiff brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

## The Telephone Consumer Protection Act

4. The TCPA was enacted in 1991 to prevent unwanted telephone calls and provide power to individuals to prevent unwanted telephone calls. *See* 47 U.S.C. § 227, *et seq.*

5. Relevant here, Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

6. A violation of section 227(b) carries statutory damages of $500 or $1,500 per call depending on whether the violation was knowing or willful. The TCPA also provides for permanent injunctive relief to enjoin defendants from violating the TCPA. *See* 47 U.S.C. § 227(b)(3).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. This Court has jurisdiction over OnProcess because OnProcess is based in this District, conducts business transactions in this District and has committed tortious acts in this District.

9. Venue is proper in this District because OnProcess conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

10. Plaintiff Kimberly Starling ("Starling") is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

11. Ms. Starling is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. OnProcess Technology, Inc. ("OnProcess") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the Commonwealth of Massachusetts with headquarters at 268 Summer Street, Boston, Massachusetts 02210.

13. OnProcess may be served via its registered agent, National Registered Agents, Inc. located at 155 Federal Street, Suit 700, Boston, MA 02110.

14. OnProcess is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

15. OnProcess, or someone acting on its behalf and at its direction, makes prerecorded calls on behalf of various third-parties relating to equipment recovery.

16. OnProcess advertises that it works with hundreds of companies, including but not limited to: Cisco, Hewlett Packard, Frontier, Elekta, DellEMC and AT&T.

17. OnProcess makes these calls to the cellular telephones of individuals who are not associated with the equipment OnProcess is attempting to recover on behalf of its third-party clients.

18. OnProcess does not have, and did not have, the requisite prior express consent (or any consent) from the called parties prior to placing each call.

19. The calls at issue are not for emergency purposes.

## PLAINTIFF STARLING'S FACTUAL ALLEGATIONS

20. Ms. Starling is the user of a cellular telephone number ending in 6140.

21. Ms. Starling received OnProcess' prerecorded telephone calls on her cellular number ending in 6140 as described herein.

22. On January 18, 2023, Ms. Starling received a call from 844-287-1856.

23. When Ms. Starling answered, the following prerecorded message played:

> Hello. My name is Chris and I am calling on behalf of AT&T. Our records indicate that you may have discontinued or transferred your AT&T service and that you are still in possession of AT&T owned equipment that needs to be returned. Please call us on our toll-free number 1-844-287-1856 if you have not received your recovery kit or equipment drop off instructions to your closes AT&T approved FedEx UPS store. It's important that this equipment is returned as quickly as possible to avoid a non-return fee. Again, our number is

>     1-844-287-1856. Please contact us with any questions regarding your AT&T equipment return. Thank you for your time and have a great day.

24. Ms. Starling is aware that this was a prerecorded or artificial voice message because of her familiarity with normal human interaction, intonation, manners of speaking, and her inability to engage the prerecorded or artificial voice in reciprocal, sensical communication.

25. The message did not include any mechanism, such as pressing a digit, that would allow Ms. Starling to opt out of future calls.

26. The message did not include any mechanism, such as pressing a digit, that would allow Ms. Starling to be connected to a live person.

27. Ms. Starling is not, and was not, an AT&T customer.

28. Ms. Starling did not discontinue or transfer any AT&T service.

29. Ms. Starling was not in possession of any AT&T owned equipment.

30. Following the call, Ms. Starling searched the telephone number 844-287-1856 on the internet.

31. Ms. Starling's search revealed numerous consumer reports on various websites suggesting that the call was a scam call.

32. For example, on the website www.800notes.com, consumers left the following comments about the phone number 844-287-1856: [1]

>     **March 2, 2023**: It is a scam! I never had any services with AT&T, so why am I getting calls.
>
>     **December 5, 2022**: I took received this message yesterday. After listening to it, I erased and considered it a wrong number. But I started thinking I've had this number for years and not had AT&T cell service for more than 20 years. The message did say to call if

---

[1] *See* https://800notes.com/Phone.aspx/1-844-287-1856 (last accessed April. 10, 2023).

you have questions. I believe they are phishing for your information. Inquiring minds want to know but not this one.

**September 6, 2022**: I called AT&T and confirmed that this phone number is definitely not associated with them. I recommend blocking this number on your phone.

**May 13, 2022**: I have been getting calls like this for several weeks now stating I didn't return my AT&T equipment. I don't even have AT&T!!!! Never have. No service of their's ever. Stupid scammers. It's just an automated line or else I'd cuss them out.

**April 22, 2022**: Unsolicited call. Total scam. Never had an AT&T phone, account or other equipment and never will. Some nonsense about AT&T equipment. Hung up, reported and blocked.

**October 23, 2021**: voice mail message claiming I owe a return of AT&T equipment. I have NO AT&T accounts of any kind. They don't specify, it is a robo call/recording. DO NOT call the number they leave to 'return the equipment'. There is no equipment, this is some kind of phishing expedition. Don't be a victim!

**July 2, 2022**: This number left a voicemail claiming to be from AT&T telling us that we had not returned equipment. We just had returned equipment and had received verification so I knew it was a scam... Plus it's not AT&T's number. This number has also claimed to be the IRS on another website. Do NOT answer or call back!!!

**July 8, 2020**: A scam. Called me claiming to be AT&T and asking for return equipment. Not associated with AT&T. Someone either in AT&T or Fedex leaking customer details who have returned equipment and selling to these scammers.

**July 16, 2020**: Spam. I just cancelled my AT&T service & returned my equipment to UPS. Got a confirmation email yesterday letting me know they received my equipment. Today I get a call from an Oklahoma area code (I live in OK), so I didn't answer. They left an automated voicemail claiming to be AT&T saying they hadn't received my equipment & to call back their toll-free number 1-844-287-1856. They reiterated that that phone number is AT&T 3 times. Sketchy as hell. Don't answer, don't call back. As someone who used to work for AT&T, I can assure you, AT&T never calls customers. They got too many other things to do.

33.     On January 21, 2023, Ms. Starling received another prerecorded call from 844-287-

1856.

34. When Ms. Starling answered, the same prerecorded message transcribed above played.

35. On January 23, 2023, Ms. Starling received another prerecorded call from 844-287-1856.

36. When Ms. Starling answered, the same prerecorded message transcribed above played.

37. On January 26, 2023, Ms. Starling received another call from 844-287-1856.

38. This time, a prerecorded or artificial voice left a voicemail for Ms. Starling and asked for Ms. Starling's sister by name.

39. On Sunday, January 29, 2023, Ms. Starling received a call from 830-428-3010.

40. When Ms. Starling answered, an artificial or prerecorded voice played.

41. During this call, Ms. Starling interacted with the artificial voice in an effort to determine if this was a legitimate call or scam call.

42. Ms. Starling was eventually connected to a live representative who stated "thank you for calling OnProcess Technology on behalf of Sprint AT&T."

43. Sprint merged with T-Mobile in 2020.

44. Sprint/T-Mobile and AT&T are different, unrelated companies.

45. Accordingly, the caller's recitation of both companies had the appearance of a scam call and not a legitimate call.

46. Ms. Starling engaged with the caller to determine if this was an identity theft scam or a legitimate call.

47. During this call, Ms. Starling determined that the call was placed by or on behalf

of OnProcess related to the collection of AT&T equipment.

48. Ms. Starling never provided prior express consent (or any consent) to OnProcess for these telephone calls.

49. Ms. Starling never provided prior express consent (or any consent) to AT&T for these telephone calls.

## DEFENDANT'S LIABILITY

50. Ms. Starling never provided OnProcess with any consent, written or otherwise for these calls.

51. Accordingly, each of OnProcess' calls to Ms. Starling using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

52. For violations of 47 U.S.C. § 227(b), Ms. Starling is entitled to a minimum of $500 per call.

53. Ms. Starling is entitled to $1,500 per call if OnProcess' actions are found to be knowing or willful.

54. Ms. Starling has suffered concrete harm because of OnProcess' unwanted and unsolicited calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy; and
- Nuisance.

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the proposed "Class," as defined as follows:

> All persons within the United States to whom: (a) OnProcess, or a third party acting on OnProcess' behalf, made one or more non-emergency telephone calls; (b) to

7

their cellular telephone number or number that is charged per the call; (c) using an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

56. Excluded from the Class are OnProcess and any entities in which OnProcess has a controlling interest; OnProcess' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

57. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

58. The exact number and identities of the persons who fit within the Class are ascertainable in that OnProcess and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which OnProcess placed its calls;

   b. The telephone numbers to which OnProcess placed its calls;

   c. The telephone numbers for which OnProcess had prior express consent;

   d. The purposes of such calls; and

   e. The names and addresses of Class members.

59. The Class is comprised of hundreds, if not thousands, of individuals.

60. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

   a. Whether OnProcess (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

   b. Whether OnProcess (or someone acting on its behalf) obtains prior express consent;

    c. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

    d. Whether OnProcess should be enjoined from engaging in such conduct in the future.

61. Ms. Starling is a member of the Class in that OnProcess placed prerecorded calls to her cellular telephone.

62. Ms. Starling's claims are typical of the claims of the Members of the Class in that they arise from OnProcess' uniform conduct and are based on the same legal theories as these claims.

63. Ms. Starling and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to OnProcess' unwanted calls and suffered a nuisance and an invasion of their privacy.

64. Ms. Starling has no interests antagonistic to, or in conflict with, the Class.

65. Ms. Starling will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

66. OnProcess has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

67. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

68. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

69. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Putative Class)

70. Ms. Starling and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

71. OnProcess placed, or had placed on its behalf, prerecorded telephone calls to Ms. Starling's and the Class Members' cellular telephone numbers without prior express consent.

72. OnProcess has therefore violated 47 U.S.C. § 227(b).

73. As a result of OnProcess' unlawful conduct, Ms. Starling and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. Ms. Starling and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Starling, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Ms. Starling as the representatives of the Class and appointing her counsel as Class Counsel;

B. An order declaring that OnProcess' actions, as set out above, violate 47 U.S.C. § 227(b);

C. An award of injunctive and other equitable relief as necessary to protect the

interests of the Class, including, *inter alia*, an order prohibiting OnProcess from engaging in the wrongful and unlawful acts described herein;

      D.     An award of statutory damages;

      E.     An award of treble damages;

      F.     An award of reasonable attorneys' fees and costs; and,

      G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated: May 1, 2023**

Respectfully Submitted,

*/s/ Brendan J. Quinn*
Brendan J. Quinn, Esq. (#710555)
**INDEGLIA LUTRARIO**
*Attorneys at Law*
300 Centerville Road, Suite 320 East
Warwick, RI 02886
Fax: (401)886-9241
Tel.: (401)886-9240
Brendan.Quinn@Indeglialaw.com
*Counsel for Plaintiff*