UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONPROCESS TECHNOLOGY, INC. and AT&T SERVICES, INC.,<br><br>Defendants. | Case No.: 1:23-cv-10949-JEK |

**DECLARATION OF DENNIS NENNINGER IN SUPPORT OF**
**AT&T SERVICES, INC.'S MOTION TO STAY ACTION PENDING ARBITRATION**

In accordance with 28 U.S.C. § 1746, I, Dennis Nenninger, declare as follows:

1. I am over the age of 18 and am competent to testify. The facts contained in this declaration are based on my personal knowledge and my review of relevant business records.

2. I am employed by AT&T Services, Inc. ("AT&T"), as a Lead Project Program Manager. In my role as Lead Project Program Manager, I am familiar with the provision of AT&T's services—including its Internet services—to its customers, the terms of service under which those customers receive services, the process by which customers accept those terms of service, and related company records. I also am familiar with the manner in which those agreements and records pertaining to customers' accounts are stored in the regular and ordinary course of business and may be retrieved. I also have become personally familiar with the AT&T Internet services account belonging to Kelly Pinn (formerly Kelly Robinson).

3. To place a new order for AT&T wireless products or services, or to upgrade existing products or services, a customer must accept AT&T's terms of service.

4. I provide the below details based on my review of AT&T's business records for Ms. Pinn's account.

5. According to AT&T's business records, Ms. Pinn established an AT&T account for Internet services on September 17, 2019. AT&T's records show that on October 18, 2019, Ms. Pinn placed an order with AT&T for a wireless receiver installation.

6. AT&T's records also show that on the same day, October 18, 2019, Ms. Pinn accepted AT&T's Internet Terms of Service. I attach as **Exhibit A** a true and correct copy of AT&T's record of the signature captured from Ms. Pinn during this transaction. This record of signature is kept in the course of AT&T's regularly conducted activities, and the generation of these signature records is a regular practice of these activities.

7. In connection with this October 18, 2019, transaction, AT&T generated a Customer Service Summary and sent it to the email address associated with Ms. Pinn's account. I attach as **Exhibit B** a true and correct copy of Ms. Pinn's October 18, 2019, Customer Service Summary. This Customer Service Summary was created at or near the time of the transaction through an automated process. These customer service summaries are kept in the course of AT&T's regularly conducted activities, and the generation of these summaries is a regular practice of these activities.

8. I attach as **Exhibit C** a true and correct copy of the Internet Terms of Service that were in effect on October 18, 2019, when Ms. Pinn placed an order with AT&T for a wireless receiver installation and agreed to the associated Terms of Service.

9. In October 2022, AT&T provided advance notice to existing internet customers of changes to AT&T's terms of service, including an updated Consumer Service Agreement that became effective on December 1, 2022. AT&T's records show that AT&T sent Ms. Pinn advance notice of the change in terms to the email address associated with Ms. Pinn's account on October 4, 2022. I attach as **Exhibit D** a true and correct copy of AT&T's record showing that AT&T sent Ms. Pinn the notice of the upcoming change in terms of service by email. This record of email notice is kept in the course of AT&T's regularly conducted activities, and the generation of these email notice records is a regular practice of these activities. I also attach as **Exhibit E** a true and correct copy of the text of the email notice sent to Ms. Pinn.

10. Ms. Pinn's October 25, 2022, billing statement also informed her of the update in terms. I attach as **Exhibit F** a true and correct copy of Ms. Pinn's October 25, 2022, billing statement. This billing statement is kept in the course of AT&T's regularly conducted activities, and the generation of this billing statement is a regular practice of these activities.

11. I attach as **Exhibit G** a true and correct copy of AT&T's CSA that became effective on December 1, 2022, for existing wireless customers.

12. Ms. Pinn did not exercise her option to submit written notice to AT&T opting out of the updated terms within the CSA that became effective on December 1, 2022.

13. Ms. Pinn continued to use AT&T's services after the updated CSA became effective on December 1, 2022, up until Ms. Pinn requested to terminate her AT&T services on January 3, 2023.

- 4 -

14. According to AT&T's business records, Ms. Pinn's most recent billing address is located in Irving, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of January, 2024.

*[signature: Dennis Nenninger]*

_____
Dennis Nenninger

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 19, 2024.

                                                                       /s/ *Daniel J. Cloherty*
                                                                       Daniel J. Cloherty