UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KIMBERLY STARLING**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ONPROCESS TECHNOLOGY, INC.**, and **AT&T SERVICES, INC.**,<br><br>*Defendants*. | Civil Case No.: 1:23-cv-10949-JEK<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF KIMBERLY STARLING'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PRELIMINARY INJUNCTION AND FOR EXPEDITED SUMMARY DETERMINATION AND PERMANENT INJUNCTION TO ENJOIN DEFENDANT FROM PURSUING ARBITRATION**

**I.      INTRODUCTION**

This Court already held that Ms. Starling "is **not** bound by [AT&T's] Terms of Service or its arbitration provision." [Dkt. 35 (emphasis added)]. Despite this holding, and by all indications, AT&T intends to disregard the Court's determination and initiate arbitration with Ms. Starling under that **same** agreement.  [*See* Dkt. 67-2 at 2]. Consequently, absent a preliminary injunction, Ms. Starling will be forced to arbitrate with AT&T despite never agreeing to do so.

On January 18, 2024, AT&T served Ms. Starling with a Notice of Dispute and advised that AT&T intended to "file a demand for arbitration . . . within 60 days." [Dkt. 67-2 at 2.]  On January 19, 2024, AT&T filed a Motion to Stay Action Pending Arbitration.  [Dkts. 64-67.]  AT&T's counsel filed a declaration stating he "will initiate formal arbitration proceedings against [Ms. Starling's sister] and Ms. Starling" after March 18, 2024.  [Dkt. 67 at ¶ 5.]

Ms. Starling respectfully submits that the Court ought to grant her Motion because "arbitration is a matter of consent, not coercion." *Quadani v. TF Final Mile, LLC*, 876 F.3d 31, 36 (1st Cir. 2017) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010)).

Ms. Starling **never** agreed to arbitrate any claims with AT&T or OnProcess, and as this Court has already held, she cannot be compelled to do so. [*See* Dkt. 35]. AT&T's attempt to bully Ms. Starling into arbitration by asserting manufactured claims of fraud against Ms. Starling and her sister—Kelly Pinn ("Ms. Pinn)—is nothing more than an intimidation tactic and a bad faith attempt to put the brakes on this meritorious action. Indeed, as set forth in detail in Ms. Starling's Opposition to Defendant AT&T Services, Inc.'s Motion to Stay Action Pending Arbitration ("Opposition"), incorporated herein by reference, AT&T's *own* documents produced in this litigation reveal that AT&T's "fraud" allegations have no merit. [*See* Dkt. 72]. Accordingly, Ms. Starling and Ms. Pinn are not responsible for AT&T and OnProcess' multiple systemic failures that resulted in the TCPA violations at issue. [*See id.*].

As a result, Ms. Starling comes before this Court requesting (1) a preliminary and permanent injunction enjoining AT&T from pursuing an improper arbitration, and (2) a declaration, *again*, that Ms. Starling is not bound by the arbitration terms in AT&T's Consumer Service Agreement between AT&T and Ms. Starling's sister.

## II.   FACTUAL BACKGROUND

This is a class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) (the "TCPA"). [*See, generally* Dkt. 47 ("Am. Compl.")]. Ms. Starling alleges she received prerecorded "equipment return" telephone calls from OnProcess on behalf of AT&T without her prior express consent. [*See id.*] Ms. Starling seeks to represent a class of individuals who received similar prerecorded calls about AT&T accounts that did not belong to the call recipients. [*See id.* at ¶ 85]. Publicly available information suggests there are many. [*Id.* at ¶¶ 53-54.]

On July 28, 2023, Defendant OnProcess Technology, Inc. ("OnProcess") filed a Motion to Compel Arbitration. [Dkt. 28]. OnProcess relied upon AT&T's Consumer Service Agreement between AT&T and Ms. Starling's sister, Ms. Pinn. [*See id.*] AT&T assisted OnProcess with its motion, providing multiple declarations and documents in support. [*See* Dkt. 28-1, 28-2.] Ms. Starling filed her Opposition on August 11, 2023. [*See* Dkt. 33]. On September 7, 2023, the Corut denied OnProcess' Motion to Compel Arbitration. [Dkt. 35]. The Court held that Ms. Starling "is **not** bound by the Terms of Service or its arbitration provision." [*Id.* (emphasis added)]

On November 7, 2023, Ms. Starling filed her Amended Complaint. [Dkt. 47]. The Amended Complaint added AT&T as a defendant. [See *id.*]. On January 18, 2024, AT&T served Ms. Starling with a Notice of Dispute and advised that AT&T intended to "file a demand for arbitration . . . within 60 days." [Dkt. 67-2 at 2]. In its Notice of Dispute, AT&T identified an AT&T internet and video services account ending in 3200 as the relevant account. [*Id.* at 2, 5, 8]. However, the OnProcess agent that spoke with Ms. Starling advised that she was calling about an entirely different account ending in 5516. [*See* Dkt. 28-3 at 8-9]. Ms. Starling's sister, Ms. Pinn had not been associated with the 5516 account OnProcess was purportedly calling about since February 26, 2020. [*See* Dkt. 33 at 17, ¶ 8].[1]

On January 19, 2024, AT&T filed a Motion to Stay Action Pending Arbitration. [Dkts. 64-67.] AT&T's counsel filed a declaration stating he "will initiate formal arbitration proceedings against [Ms. Starling's sister] and Ms. Starling" after March 18, 2024. [Dkt. 67 at ¶ 5]. On February 5, 2024, this Court set a hearing on AT&T's Motion to Stay Action Pending

---

[1] AT&T has refused to address this account number issue in any of its filings to date. AT&T is attempting to initiate an arbitration over an account (ending in 3200) that its own agent, OnProcess, **admitted** it was not even calling about in the first place. [*See* Dkt. 28-3 at 8-9].

3

Arbitration for March 21, 2024 at 11:00am. This hearing is scheduled for three days after AT&T intends to initiate arbitration against Ms. Starling. [*See id.*].

### III. ARGUMENT

#### A. Preliminary Injunction Standard

A party seeking a preliminary injunction must establish that (1) it is substantially likely to succeed on the merits of its claim; (2) absent the injunction there is a significant risk of irreparable harm; (3) the balance of hardships weighs in its favor; and (4) the injunction will not harm the public interest. *I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 33 (1st Cir. 1998).

#### B. The Court Is Empowered to Grant the Requested Relief

The Federal Arbitration Act applies to claims concerning a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof." 9 U.S.C. § 2.

The Federal Arbitration Act provides District Courts with the authority to **stay and enjoin** arbitrations. *PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32, 35 (1st Cir. 1998) ("the power to enjoin an arbitration is the concomitant of the power to compel arbitration"); *Goldman, Sachs & Co. v. Golden Empire Schools Fin. Auth. (Golden Empire )*, 764 F.3d 210, 213 (2d Cir. 2014) ("Federal courts generally have remedial power to stay arbitration"); *J.P. Morgan Sec. Inc. v. La. Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 74 (S.D.N.Y.2010) ("This Court's power to enjoin [an] arbitration derives from the Federal Arbitration Act"); *CRT Capital Group v. SLS Capital, S.A.*, 63 F. Supp. 3d 367, 375 (S.D.N.Y. 2014) ("[t]he Court of Appeals had made it clear that federal courts do have the power to enjoin domestic arbitrations even though that remedial

power is not explicitly provided in Chapter 1 of the FAA"); *see also id.* (citing and quoting collection of cases standing for same proposition).

Where a party such as Ms. Starling never agreed to arbitrate in the first place, federal policy supports, and the Federal Arbitration Act authorizes, a Court to enjoin parties from pursuing an improper arbitration. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)) (internal citations omitted).

### C. Ms. Starling did not Agree to—and is not Bound by—AT&T's Arbitration Clause

A party may not be compelled to arbitrate. Arbitration is voluntary and a party need only arbitrate if contractually obligated to do so. *Howsam v. Dean Witter Reynolds*, *Inc.*, 537 U.S. at 83; *Quadani*, 876 F.3d at 36 ("arbitration is a matter of consent, not coercion"); *InterGen N.V. v. Grina*, 344 F.3d 134, 137 (1st Cir. 2003) (Selya, J.) ("the obvious bar to arbitrability is the abecedarian tenet that a party cannot be forced to arbitrate if it has not agreed to do so"); *Walker v. Collyer*, 85 Mass. App. Ct. 311, 318 (2014) (quoting *Constantino v. Frechette*, 897 N.E.2d 1262 (2008) and citing collection of cases)) ("'Absent advance consent to [a contractual] agreement, a party cannot be compelled to arbitrate a dispute.'").

Here, this Court already held that Ms. Starling "is **not** bound by [AT&T's] Terms of Service or its arbitration provision." [Dkt. 35 (emphasis added)]. Ms. Starling has no agreement with AT&T and **never** agreed to arbitrate **any** claims with AT&T at any time. In addition, AT&T seeks to compel an arbitration related to an account that its agent, OnProcess, stated it was not even calling about. [*See* Dkt. 28-3 at 8-9]. For the reasons set forth in Ms. Starling's Opposition

5

[Dkt. 72], which are hereby incorporated by reference, AT&T's equitable estoppel theory has been waived, is inapplicable and/or should be rejected.  [*See* Dkt. 72].

### D.    This Court Should Preliminarily Enjoin AT&T From Pursuing Arbitration or, In the Alternative, Hold an Expedited Hearing and Issue a Permanent Injunction

Ms. Starling has established that she is entitled to injunctive relief and has amply established a likelihood of success on the merits.  The facts cannot be genuinely disputed and call for only one outcome—Ms. Starling is not obligated to arbitrate any claims with AT&T.  *See supra* Discussion.  In addition, the remaining factors to be considered when deciding to grant a preliminary injunction are in Ms. Starling's favor, as Ms. Starling would be irreparably harmed, AT&T would face no hardship from the injunction, and the public interest weighs in favor of granting the requested injunctive relief.  *See Kohler Co.*, 163 F.3d at 33.

#### 1.  Likelihood of Success

The arbitration clause AT&T intends to assert is not part of any contract between Ms. Starling and AT&T.  [*See* Dkts. 65-66].  Indeed, this Court already held that Ms. Starling "is **not** bound by [AT&T's] Terms of Service or its arbitration provision." [Dkt. 35 (emphasis added)].  The undisputed facts here compel a finding in Ms. Starling's favor and are ripe for summary determination.  Ms. Starling has more than established a likelihood of success on this issue.

#### 2.  Irreparable Harm

Furthermore, because Ms. Starling is not contractually obligated to arbitrate with AT&T, Ms. Starling would be irreparably harmed by being forced to participate in any arbitration with AT&T.  *See Vicor Corp. v. FII USA, Inc.*, No. 24-10060-LTS, 2024 U.S. Dist. LEXIS 9860, at *3-4 (D. Mass Jan. 19, 2024) (holding plaintiff faces irreparable harm from having to proceed to arbitrate when the contract does not provide for arbitration between the parties); *UBS Sec. LLC v.*

6

*Voegeli,* 405 Fed. Appx. 550, 552 (2d Cir. 2011) (citing *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir.2003) (per curiam)) (holding that a party suffers irreparable harm when forced to arbitrate a dispute outside an arbitration agreement); *Dean Witter Reynolds, Inc. v. Goyette*, 25 F. Supp. 2d 1344, 1346 (M.D. Fla. 1996) (plaintiff "will suffer irreparable injury if a preliminary injunction is not issued and [plaintiff] is required to arbitrate claims not embraced by the parties' agreement to arbitrate"); *Gormley King Co. v. Terminix Int'l Co., L.P.*, 105 F.3d 1192, 1194 (8th Cir. 1997) ("prior cases uniformly hold that the party urging arbitration may be enjoined from pursuing what would now be a futile arbitration, even if the threatened irreparable injury to the other party is only the cost of defending the arbitration and having the court set aside any unfavorable award."); *Berthel Fisher & Co. Fin. Servs., Inc. v. Frandino*, 2013 WL 2036655, at *8 (D. Ariz. May 14, 2013) ("Plaintiff will suffer irreparable harm if the arbitration to which it did not consent proceeds."); *Morgan Keegan & Co. v. McPoland*, 829 F. Supp. 2d 1031, 1036 (W.D. Wash. 2011) (citing collection of cases) (finding irreparable harm in FINRA case because "arbitration would be a futile exercise, leading to further proceedings in this Court to set aside the award").

### 3. Balance of Hardships

The balance of the hardships favors Ms. Starling given that AT&T will suffer no hardship from the injunction. AT&T would retain all legitimate dispute resolution mechanisms it enjoys. The Court would simply be eliminating a path not available to AT&T—namely, a unilateral arbitration without Ms. Starling's agreement.

### 4. Public Interest

Finally, the public interest favors Ms. Starling. The public would not be harmed by preventing a party from arbitrating without any agreement to do so. The public has a legitimate

expectation that arbitration is a voluntary form of alternative dispute resolution; furthermore, the public has an undeniable interest that they remain voluntary. *See Quadani*, 876 F.3d at 36. Allowing AT&T to initiate arbitration on unfounded and preposterous theories against individuals that never agreed to arbitrate in the first place is contrary to public policy and would erode the protections afforded to consumers.

Accordingly, Ms. Starling respectfully requests that this Court issue a preliminary injunction to enjoin AT&T from pursuing its arbitration against her. *See Goldman, Sachs & Co.*, 764 F.3d at 213; *J.P. Morgan Sec. Inc.*, 712 F. Supp. 2d at 74; *CRT Capital Group*, 63 F. Supp. 3d at 375. In the alternative, given that the facts here are ripe for summary determination, Ms. Starling requests expedited relief. Because (1) this Court already held that Ms. Starling "is **not** bound by [AT&T's] Terms of Service or its arbitration provision[,]" and (2) there is overwhelming evidence that there is "no agreement to arbitrate[,]" Ms. Starling's rights should be summarily determined and the Court should stay arbitration in the interim.

## IV. CONCLUSION

For the foregoing reasons, Ms. Starling respectfully requests that this Court (1) preliminarily and permanently enjoin AT&T from pursuing arbitration against Ms. Starling based on an arbitration clause found in AT&T's Consumer Service Agreement between AT&T and Ms. Starling's sister, Ms. Pinn; and (2) declare, *again,* that Ms. Starling is not bound by the arbitration terms in AT&T's Consumer Service Agreement between AT&T and Ms. Starling's sister.

Dated: March 14, 2024

Respectfully submitted,

*/s/ Jonathan J. Lucido*
Jonathan J. Lucido, Esq. (#714011)
**INDEGLIA LUTRARIO**
*Attorneys at Law*
300 Centerville Road
Summit East, Suite 320
Warwick, RI 02886
Fax: (401)886-9241
Tel.: (401)886-9240
jonathan.lucido@indeglialaw.com
*Counsel for Plaintiff*

*/s/ Chris R. Miltenberger*
Chris R. Miltenberger*
The Law Offices of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Tel: (817) 416-5060
Fax: (817) 416-5062
chris@crmlawpractice.com

*/s/ Max S. Morgan*
Max S. Morgan, Esq.*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, Pennsylvania 19102
(267) 587-6240 telephone
(215) 689-0875
max.morgan@theweitzfirm.com

(*admitted *pro hac vice*)

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that counsel for Plaintiff has attempted in good faith to resolve or narrow the issues by emailing named counsel for AT&T concerning this motion and AT&T opposes the relief sought.

*/s/Max S. Morgan*
Max S. Morgan, Esq.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2024, pursuant to Fed. R. Civ. P. 5(d)(1)(B) and L.R. 5.2, a copy of the foregoing has been served to all those on the e-service list for this case.

*/s/ Jonathan J. Lucido*
Jonathan J. Lucido, Esq.